**In re Lyman L. MCNITT, Debtor.**

No. CV 93–0481–S–EJL.

Bankruptcy No. 91–00302–13.

United States District Court,
D. Idaho.

May 24, 1994.

Randal J. French, Bauer & French, Boise, ID, for appellant.

Betty H. Richardson, U.S. Atty., Boise, ID, Keith P. Duet, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for appellee.

## ORDER

LODGE, District Judge.

Before the court is the debtor's appeal of the bankruptcy court's November 4, 1993, order denying the debtor's attempt to classify the debtor's 1991 tax liability as an administrative expense pursuant to 11 U.S.C. § 503. The issue was first decided by Judge Hagan on August 24, 1993, against the debtor. The debtor requested Judge Hagan to reconsider his order. This reconsideration resulted in the November 4, 1993, order from which this appeal was taken.

The debtor filed his Chapter 13 Petition on January 31, 1991. This bankruptcy was converted to a Chapter 7 bankruptcy on May 1, 1992. A discharge was entered on September 8, 1992. In the trustee's final accounting dated May 24, 1993, the trustee proposed to pay administrative expenses of $754.18 leaving an estate of $6,106.75 to be divided among the debtor's creditors. The 1991 tax liability at issue was assessed by the Internal Revenue Service (IRS) on May 18, 1992, at $5,333.33, including interest. This 1991 tax liability is a non-dischargeable, post-petition, pre-conversion claim. The debtor has additional, older tax liability from previous years. Portions of this additional, older tax liability would be dischargeable if not paid in the general distribution of the debtor's estate.

The IRS filed a proof of claim in the debtor's bankruptcy on March 4, 1992. Amendment number three to this proof of claim was filed by the IRS on June 22, 1992. This last amendment includes the 1991 tax liability. The debtor attempted to force the IRS to accept payment of the 1991 tax liability as a priority administrative expense under 11 U.S.C. § 503(b)(1). Had this been allowed, the 1991 tax liability would have consumed the bulk of the estate. This would have paid the entirety of the non-dischargeable tax liability and left the bulk of the dischargeable tax liability unpaid. The debtor is attempting to pay as little of his tax liability as he can while relieving himself of as great an amount of tax liability as is possible. This, the debtor claims, is in line with the intent of Congress and best facilitates a fresh start for the debtor.

To achieve his goal, the debtor attempted to declare the 1991 tax liability an administrative priority claim under § 503. Judge Hagan ruled that this was not an option available to a debtor: that only the entity holding the potential administrative priority claim could exercise the § 503 option. This

decision is clearly supported in the legislative history of § 503:

> Subsection (a) of [§ 503] permits administrative expense claimants to file with the court a request for payment of an administrative expense. The Rules of Bankruptcy Procedure will specify the time, the form, and the method of such a filing.

S.Rep. No. 95–989, 95th Cong., 2nd Sess. at p. 66, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5852.

The debtor contends resort should not be had to the legislative history, because, under the rules governing statutory construction, resort should not be had to legislative history unless the statutory language is ambiguous. The debtor contends the language of § 503 is clear in that it states any "entity" may file a request for payment of an administrative expense. "Entity" is defined at 11 U.S.C. § 101(15) and includes a "person" and the "estate." "Person" is defined at 11 U.S.C. § 101(41) and includes an "individual." Since the debtor is both a "person" and an "individual" as defined in the code, the debtor contends the statute fully provides for his filing of an administrative expense request.

The court believes § 503 is clear in that it allows an entity to file a request for payment of an administrative expense and that an individual, a debtor, or an estate would qualify as an entity. The court also believes it is clear that there are situations in which a debtor would be entitled to request payment of an administrative expense on the debtor's own behalf for the repayment of expenses incurred by the debtor to preserve assets of the estate. What the court believes is not adequately explained in the language of the statute is whether one not entitled to payment may request payment on behalf of another, thus binding the other. In order to secure guidance on this issue, resort to the legislative history is required. This legislative history makes it clear that only the entity possessing the administrative claim may request payment as an administrative claim. The debtor is not the holder of the tax liability claim. The IRS is the holder of this claim. Only the IRS may request payment of this claim as an administrative expense under § 503. The IRS has not made

such a claim. The attempt to make such a claim by the debtor, and thereby to bind the IRS, is invalid.

Accordingly, and the court being fully advised in the premises, the decision of the bankruptcy court is **AFFIRMED.**

The debtor requested Rule 11 sanctions in his reply brief (docket # 4). In response, the IRS filed a motion to strike the request for sanctions (docket # 5). The debtor's request for sanctions is without merit and **DENIED.** The IRS' motion to strike the debtor's request for sanctions is **MOOT.**

**IT IS SO ORDERED.**